FILED

2011 NOV -8 P 2: 24

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

Timothy P. Dillon, Esq. (SBN 190839)
DILLON & GERARDI, APC
4660 La Jolla Village Drive, Suite 1040
San Diego, CA 92122
Telephone: (858) 587-1800
Facsimile: (858) 587-2587
tdillon@dillongerardi.com

*E-filing*

Attorneys for Plaintiff, Gary Kremen

*ADR*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

GARY KREMEN,

        Plaintiff,

v.

MICHAEL JOSEPH COHEN, an
individual; FNBPAY CORPORATION,
an Arizona corporation,

        Defendants.

Case No.: **CV 11 - 05411** *HRL*

**COMPLAINT FOR AVOIDANCE
AND RECOVERY OF
FRAUDULENT TRANSFERS AND
FOR FRAUD**

DEMAND FOR JURY TRIAL

Plaintiff, Gary Kremen ("Kremen" or "Plaintiff"), for his complaint, hereby
alleges as follows:

## JURISDICTION

1.    This is a civil action seeking avoidance and recovery of fraudulent transfers
and damages for fraud.

2.    Plaintiff is a natural person and a citizen of the State of California.

///

-1-
COMPLAINT

1    3.    Defendant Michael Joseph Cohen ("M. Cohen") is a natural person and a
2  resident of the State of Arizona.

3    4.    Defendant FNBPay Corporation ("FNBPay") is a corporation incorporated
4  under the laws of the State of Arizona, with its principal place of business in Arizona.

5    5.    This Court has original jurisdiction over this action under 28 U.S.C. §1332,
6  in that it is a civil action between citizens of different states in which the amount or
7  value of the matter in controversy exceeds, exclusive of costs and interest, seventy-five
8  thousand dollars ($75,000).

9                                    **VENUE**

10    6.    Venue is proper in the Northern District under 28 U.S.C. §1391(a)(2)
11  because a substantial part of the events or omissions giving rise to the claim occurred in
12  this local district.

13                      **INTRADISTRICT ASSIGNMENT**

14    7.    Assignment of this action to the San Jose Division is proper under Local
15  Rule 3-2(c) and (e), and General Order No. 44, because a substantial part of the events or
16  omissions which gave rise to the claim occurred in the County of Santa Clara.

17                            **NATURE OF THE CASE**

18    8.    As set forth more fully below, Plaintiff is informed and believes that
19  Defendants are the transferees of certain property, including money, fraudulently
20  transferred to each of them by Stephen Michael Cohen ("S. Cohen"), an individual
21  against whom Plaintiff currently has an enforceable and unpaid money judgment in the
22  amount of $67,867,053.36 (the "Judgment").

23    9.    Plaintiff is further informed and believes that Defendants actively concealed
24  the fact that S. Cohen was and is making these transfers and conducting business through
25  these Defendants with the intent to prevent Plaintiff from collecting on his Judgment and
26  from learning of the existence of these funds.

27    10.   Plaintiff is informed and believes that Defendants assisted S. Cohen in
28  avoiding Plaintiff's Judgment by knowingly accepting and participating in fraudulent

1 conveyances, incorporating and/or forming fraudulent corporations, opening bank
2 accounts and assisting with financial transactions at S.Cohen's behest, thereby acting as
3 mere conduits for channeling money from individuals and/or entities to S. Cohen,
4 actively participating in hiding and concealing personal assets of S. Cohen so they are
5 made unavailable for execution by S. Cohen's creditors, including Plaintiff.

6      11.    Defendants' knowing misrepresentations and pretenses have enabled S.
7 Cohen to carry out this plan for some time, to Plaintiff's damage.

8 **THE PARTIES**

9      12.    Plaintiff, Gary Kremen, is an individual who, at all times relevant herein,
10 was domiciled in the State of California, County of Santa Clara.

11      13.    Defendant M. Cohen is an individual who is, and was at all times relevant
12 herein, domiciled in the State of Arizona, County of Maricopa.

13      14.    Defendant FNBPay is a corporation, incorporated under the laws of the
14 State of Arizona, with its principal place of business in the State of Arizona, County of
15 Maricopa. Plaintiff is informed and believes that Defendant M. Cohen is listed as the
16 sole officer, director, incorporator and owner of 100% of the shares of Defendant
17 FNBPay.

18      15.    Judgment Debtor, Stephen Michael Cohen ("S. Cohen"), is a many time
19 convicted felon that is using these Defendants as straw entities as he has used numerous
20 other individuals and entities previously in his efforts to avoid the Judgment.

21 **GENERAL ALLEGATIONS**

22      16.    Plaintiff is an internet entrepreneur who obtained a $65 million judgment
23 (the "Judgment") in the United States District Court for the Northern District of
24 California against S. Cohen and S. Cohen's alter ego entities in April 2001, for
25 fraudulently converting the internet domain name, www.sex.com (See *Kremen v. Cohen,*
26 *et al.* (Case No. 98-20718-JW)).

27      17.    On March 22, 2011, Plaintiff successfully renewed the Judgment against S.
28 Cohen in the renewed amount of $67,867,053.36 (the "Renewed Judgment"). A true and

1    correct copy of the order granting renewal of judgment and renewal of judgment is

2    attached hereto as Exhibit "A".

3        18.    After entry of the Judgment in April of 2001, S. Cohen fled the United

4    States and currently resides in Tijuana, Mexico.  In the 10 years since entry of the

5    Judgment, Plaintiff has exposed S. Cohen's elaborate system of creating and/or using

6    alter egos and "straw" entities, including family and friends, making up identities from

7    whole cloth, or using other people's identity without their knowledge and consent to

8    hide and conceal his personal assets and assist him in avoiding payment of the

9    outstanding Judgment.  For example:

10       a.    On September 28, 2005, the Northern District Court ruled that 7 individuals

11   and 12 companies were acting in concert with S. Cohen to evade enforcement of the

12   Judgment and enjoined them from doing anything to interfere with Plaintiff's rights

13   thereunder.

14       b.    On November 18, 2009, Plaintiff obtained a judgment and permanent

15   injunction in the United States District Court for the Southern District of California

16   against S. Cohen's step-daughter, ex-wife and former attorney, for violations of the

17   Uniform Fraudulent Transfer Act based on allegations that each of them assisted S.

18   Cohen in concealing and transferring his assets to avoid the Northern District Judgment.

19   (See *Kremen v. Cohen, et al.* (Case No. 05CV1319-MMA(POR))).

20       19.    By this Complaint, Plaintiff now seeks relief against Defendants M. Cohen

21   (S. Cohen's cousin) and FNBPay based on the assistance each of them has provided and

22   continues to provide S. Cohen to fraudulently conceal S. Cohen's purported business

23   being run through the United States intended to avoid the Judgment and, more recently,

24   the Renewed Judgment.

25       20.    Plaintiff is informed and believes that S. Cohen has used M. Cohen to

26   conduct business through FNBPay on S. Cohen's behalf, to open bank accounts in M.

27   Cohen's and/or FNBPay's name at S. Cohen's behest in order to transfer money and

28   conduct business for the benefit of S. Cohen and/or S. Cohen's related entities.

1        21.   Plaintiff is informed and believes that Defendant M. Cohen assists S. Cohen

2    in funneling money through various websites and permits S. Cohen to use M. Cohen's

3    name as the contact for all business purposes, in order to assist S. Cohen in avoiding

4    Plaintiff's Judgment.

5        22.   Plaintiff is informed and believes that S. Cohen was insolvent when the

6    deposits and transfers were made to the bank account held in the name of FNBPay.

7    Since its entry, S. Cohen has never made a voluntary payment on Plaintiff's Judgment.

8    Moreover, S. Cohen has admitted that his liabilities far exceed his assets and that he

9    earns less than $11,000 annually.

10    **FIRST CLAIM FOR RELIEF**

11    **(Fraudulent Transfer: *Cal. Civ. Code* §3439.04 and 3439.07)**

12    ***(Against All Defendants)***

13        23.   Plaintiff hereby incorporates each and every preceding allegation as though

14    set forth fully herein.

15        24.   Plaintiff is a present judgment creditor of S. Cohen and had a claim at the

16    time monies were transferred in to the bank account held in the name of FNBPay and at

17    the time monies were paid to M. Cohen personally for, among other things, to pay his

18    mortgage.

19        25.   Plaintiff's enforceable Renewed Judgment remains unpaid.

20        26.   Since at least April 2001, upon entry of the Judgment, Plaintiff has been a

21    creditor of S. Cohen as the term "creditor" is defined in *Cal. Civ. Code* §3439.01(c).

22        27.   Plaintiff is informed and believes and based thereon alleges that Defendants

23    M. Cohen and FNBPay knowingly conspired and agreed with S. Cohen to cause monies

24    to be transferred and deposited in to the bank account held in the name of FNBPay and

25    to cause payments of money to M. Cohen personally for, among other things, to pay his

26    mortgage, for the purpose of shielding and hiding S. Cohen's interest in the property and

27    to put the interest beyond the reach of Plaintiff.

28

28.    Plaintiff is informed and believes and based thereon alleges that Defendants M. Cohen and FNBPay received the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage with the actual intent to hinder, delay or defraud Plaintiff in exercising his rights as a creditor of S. Cohen and with actual or constructive knowledge of S. Cohen's same intent.

29.    Plaintiff is informed and believes and based thereon alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were for no consideration and amounted to nothing more than a means by which S. Cohen could shield, hide and dispose of assets otherwise subject to Plaintiff's claims under the Judgment and Renewed Judgment.

30.    The deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were made after a substantial claim to Plaintiff had accrued, including the period of time since entry of the Renewed Judgment.

31.    Plaintiff has a right to payment currently due from Defendants M. Cohen and FNBPay arising from Plaintiff's claims against S. Cohen, in the amount of the actual value of the transfers, plus accrued interest, or the amount of the Renewed Judgment.

32.    The deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage have caused harm to Plaintiff in that he has been unable to collect completely on his enforceable money judgment, meant to compensate him for S. Cohen's fraudulent conversion of the internet domain name, www.sex.com.

33.    The conduct of Defendants M. Cohen and FNBPay in effectuating these transfers and accepting payments from S. Cohen with knowledge of Plaintiff's Judgment was a substantial factor is causing harm to Plaintiff.

34.    Based upon the foregoing, Plaintiff may set aside the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage and recover the value thereof pursuant to California Civil Code sections 3439.04and 3439.07.

///

///

35.   Each Defendant's participation in these transfers was with malice, oppression and fraud, and justifies an award of punitive and exemplary damages against that Defendant.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Transfer: *Cal. Civ. Code* §3439.05 and 3439.07)

### (Against All Defendants)

36.   Plaintiff hereby incorporates each and every preceding allegation as though set forth fully herein.

37.   Plaintiff is informed and believes and based thereon alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were made for less than reasonably equivalent value in exchange for the transfers.

38.   Plaintiff is informed and believes and based thereon alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were made while S. Cohen was engaged or about to engage in a transaction for which his remaining assets were unreasonably small in relation to the transfers.

39.   Plaintiff is informed and believes and based thereon alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage and other payments through Defendants were made while S. Cohen intended to incur, or believed or reasonably should have believed he would incur, debts beyond his ability to pay them as they became due.

40.   Plaintiff is informed and believes and based thereon alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage and other payments through Defendants were made at a time when S. Cohen was insolvent, and/or was rendered insolvent by virtue of the alleged fraudulent transfers.

41.   The deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were made after a substantial claim to Plaintiff had accrued, including the period of time since entry of the Renewed Judgment.

///

42. Plaintiff has a right to payment currently due from Defendants M. Cohen and FNBPay arising from Plaintiff's claims against S. Cohen, in the amount of the actual value of the transfers, plus accrued interest, or the amount of the Renewed Judgment.

43. The deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage and other payments through Defendants have caused harm to Plaintiff in that he has been unable to collect completely on his enforceable money judgment, meant to compensate him for S. Cohen's fraudulent conversion of the internet domain name, www.sex.com.

44. The conduct of Defendants M. Cohen and FNBPay in effectuating these transfers and accepting payments from S. Cohen with knowledge of Plaintiff's Judgment was a substantial factor is causing harm to Plaintiff.

45. Based upon the foregoing, Plaintiff may set aside the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage and recover the value thereof pursuant to California Civil Code sections 3439.05 and 3439.07.

### THIRD CLAIM FOR RELIEF

#### (Fraudulent Transfer: *Cal. Civ. Code* §3440)

#### *(Against All Defendants)*

46. Plaintiff hereby incorporates each and every preceding allegation as though set forth fully herein.

47. Since in or around July 2010, Defendants and S. Cohen knowingly conspired to have assets belonging to S. Cohen in the form of deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage transferred to FNBPay and/or M. Cohen to avoid detection by Plaintiff, and then re-transferred to S. Cohen at S. Cohen's request.

48. Defendants have knowingly participated in facilitating S. Cohen's fraud on Plaintiff by forming FNBPay Corporation, opening and maintaining the Arizona merchant processing bank account and receiving deposits and payments to prevent

1    49.   Plaintiff from collecting on his Judgment and from learning of the
2  existence of these funds.

3    50.   Defendants have had these funds and business and property interests
4  transferred into each of their names, despite the fact that the deposits at FNB Bank were
5  not accompanied by immediate delivery of the property to said Defendants, in that
6  Defendants were not permitted to withdraw or use the funds, and only maintained them
7  in trust in the conduit bank account.

8    51.   Moreover, the deposits were not followed by an actual and continued
9  change of possession of the property insofar as Defendants withdrew funds only upon
10 instruction from S. Cohen and transferred the funds to accounts and pre-paid credit cards
11 for S. Cohen's personal use. S. Cohen has remained in possession and use of this
12 property throughout the course of events leading up to this action. Plaintiff is informed
13 and believes that, with the assistance of Defendants, S. Cohen continues to collect the
14 proceeds from the deposits in the merchant processing account.

15   52.   Defendants' acceptance, assistance and knowing participation in the
16 transfer of funds from the FNBPay account to S. Cohen was with malice, oppression and
17 fraud and injured Plaintiff by placing property and assets beyond his reach that would
18 otherwise go toward satisfaction of the Renewed Judgment. As a result, Plaintiff is
19 entitled to an award of exemplary or punitive damages.

**FOURTH CLAIM FOR RELIEF**

**(Fraudulent Transfer")**

***(Against All Defendants)***

23   53.   Plaintiff hereby incorporates each and every preceding allegation as though
24 set forth fully herein.

25   54.   Plaintiff is a present judgment creditor of S. Cohen and had a claim at the
26 time monies were transferred in to the bank account held in the name of FNBPay and at
27 the time monies were paid to M. Cohen personally for, among other things, to pay his
28 mortgage and other payments through Defendants.

-9-
COMPLAINT

55. Plaintiff's enforceable Renewed Judgment remains unpaid.

56. Since at least April 2001, upon entry of the Judgment, Plaintiff has been a creditor of S. Cohen as the term "creditor" is defined in *Cal. Civ. Code* §3439.01(c).

57. Plaintiff is informed and believes and based thereon alleges that, since in or around July 2010, Defendants M. Cohen and FNBPay received the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage and other payments though Defendants with the actual intent to hinder, delay or defraud Plaintiff in exercising his rights as a creditor of S. Cohen and with actual or constructive knowledge of S. Cohen's same intent.

58. Plaintiff is informed and believes and based thereon alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were for no consideration and amounted to nothing more than a means by which S. Cohen could shield, hide and dispose of assets otherwise subject to Plaintiff's claims under the Judgment and Renewed Judgment.

59. The deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were made after a substantial claim to Plaintiff had accrued and after Plaintiff.

60. Plaintiff has a right to payment currently due from Defendants M. Cohen and FNBPay arising from Plaintiff's claims against S. Cohen, in the amount of the actual value of the transfers, plus accrued interest, or the amount of the Renewed Judgment.

61. At all times mentioned herein, Defendants and each of them knew the fraudulent nature of the Transfers and actively and knowingly participated.

62. The deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage have caused harm to Plaintiff in that he has been unable to collect completely on his enforceable money judgment, meant to compensate him for S. Cohen's fraudulent conversion of the internet domain name, www.sex.com.

///

///

1     63.    The conduct of Defendants M. Cohen and FNBPay in effectuating these

2 transfers and accepting payments from S. Cohen with knowledge of Plaintiff's Judgment

3 was a substantial factor is causing harm to Plaintiff.

4     64.    Plaintiff seeks damages in the amount equal to the value of the deposit

5 payments at the FNBPay bank account and payments toward M. Cohen, personally,

6 including payments toward his mortgage, according to proof, plus accrued interest, up to

7 the amount necessary to satisfy the Renewed Judgment.

8     65.    Each Defendant's participation in these transfers was with malice,

9 oppression and fraud, and justifies an award of punitive and exemplary damages against

10 that Defendant.

11 **PRAYER**

12     WHEREFORE, Plaintiff Gary Kremen respectfully requests judgment as follows:

13 As to Plaintiff's FIRST CLAIM FOR RELIEF:

14     1.     That the deposit payments at the FNBPay bank account and payments

15 toward M. Cohen, personally, including payments toward his mortgage be set aside and

16 declared void as to the Plaintiff herein up to the amount necessary to satisfy Plaintiff's

17 outstanding and unpaid judgment in the amount of $67,867,053.36, plus accrued

18 interest, based on the Renewed Judgment, pursuant to *Cal. Civ. Code* §3439.07(a)(1);

19     2.     That judgment be entered against the defendants, jointly and severally, for

20 the value of the interest transferred up to the amount necessary to satisfy Plaintiff's

21 outstanding unpaid judgment in the amount of $67,867,053.36, plus accrued interest,

22 based on the Renewed Judgment, pursuant to *Cal. Civ. Code* §3439.08(b);

23     3.     That permanent, preliminary and temporary injunctive relief be issued

24 enjoining and restraining Defendants M. Cohen and FNBPay, and their representatives,

25 attorneys, and agents from selling, transferring, conveying, or otherwise disposing of

26 the property transferred, pursuant to *Cal. Civ. Code* §3439.07(a)(3)(A);

27     4.     For compensatory damages in the amount equal to the value of the deposit

28 payments at the FNBPay bank account and payments toward M. Cohen, personally,

including payments toward his mortgage, according to proof, plus accrued interest, up to the amount necessary to satisfy the Renewed Judgment;

5.    For punitive and exemplary damages;

6.    For reasonable attorney's fees;

7.    That Plaintiff be awarded costs of suit herein incurred;

8.    That Defendants be made constructive trustees of property fraudulently transferred to each of them by S. Cohen and hold said property for Plaintiff's benefit; For such other and further relief as the court may deem proper. As to Plaintiff's SECOND CLAIM FOR RELIEF:

1.    That the deposit payments at the FNBPay bank account and payments toward M. Cohen, personally, including payments toward his mortgage be set aside and declared void as to the Plaintiff herein up to the amount necessary to satisfy Plaintiff's outstanding and unpaid judgment in the amount of $67,867,053.36, plus accrued interest, based on the Renewed Judgment, pursuant to *Cal. Civ. Code* §3439.07(a)(1);

2.    That judgment be entered against the defendants, jointly and severally, for the value of the interest transferred up to the amount necessary to satisfy Plaintiff's outstanding unpaid judgment in the amount of $67,867,053.36, plus accrued interest, based on the Renewed Judgment, pursuant to *Cal. Civ. Code* §3439.08(b);

3.    That permanent, preliminary and temporary injunctive relief be issued enjoining and restraining Defendants M. Cohen and FNBPay, and their representatives, attorneys, and agents from selling, transferring, conveying, or otherwise disposing of the property transferred, pursuant to *Cal. Civ. Code* §3439.07(a)(3)(A);

4.    For compensatory damages in the amount equal to the value of the deposit payments at the FNBPay bank account and payments toward M. Cohen, personally, including payments toward his mortgage, according to proof, plus accrued interest, up to the amount necessary to satisfy the Renewed Judgment;

5.    For reasonable attorney's fees;

6.    That Plaintiff be awarded costs of suit herein incurred;

7.    That Defendants be made constructive trustees of property fraudulently transferred to each of them by S. Cohen and hold said property for Plaintiff's benefit; For such other and further relief as the court may deem proper.

As to Plaintiff's THIRD CLAIM FOR RELIEF:

1.    That the deposit payments at the FNBPay bank account and payments toward M. Cohen, personally, including payments toward his mortgage be set aside and declared void as to the Plaintiff herein up to the amount necessary to satisfy Plaintiff's outstanding and unpaid judgment in the amount of $67,867,053.36, plus accrued interest, based on the Renewed Judgment, pursuant to *Cal. Civ. Code* §3439.07(a)(1);

2.    That judgment be entered against the defendants, jointly and severally, for the value of the interest transferred up to the amount necessary to satisfy Plaintiff's outstanding unpaid judgment in the amount of $67,867,053.36, plus accrued interest, based on the Renewed Judgment, pursuant to *Cal. Civ. Code* §3439.08(b);

3.    That permanent, preliminary and temporary injunctive relief be issued enjoining and restraining Defendants M. Cohen and FNBPay, and their representatives, attorneys, and agents from selling, transferring, conveying, or otherwise disposing of the property transferred, pursuant to *Cal. Civ. Code* §3439.07(a)(3)(A);

4.    For compensatory damages in the amount equal to the value of the deposit payments at the FNBPay bank account and payments toward M. Cohen, personally, including payments toward his mortgage, according to proof, plus accrued interest, up to the amount necessary to satisfy the Renewed Judgment;

5.    For punitive and exemplary damages;

6.    For reasonable attorney's fees;

7.    That Plaintiff be awarded costs of suit herein incurred;

8.    That Defendants be made constructive trustees of property fraudulently transferred to each of them by S. Cohen and hold said property for Plaintiff's benefit;

9.    For such other and further relief as the court may deem proper.

As to Plaintiff's FOURTH CLAIM FOR RELIEF:

1.   That the deposit payments at the FNBPay bank account and payments toward M. Cohen, personally, including payments toward his mortgage be set aside and declared void as to the Plaintiff herein up to the amount necessary to satisfy Plaintiff's outstanding and unpaid judgment in the amount of $67,867,053.36, plus accrued interest, based on the Renewed Judgment;

2.   That judgment be entered against the defendants, jointly and severally, for the value of the interest transferred up to the amount necessary to satisfy Plaintiff's outstanding unpaid judgment in the amount of $67,867,053.36, plus accrued interest, based on the Renewed Judgment;

3.   That permanent, preliminary and temporary injunctive relief be issued enjoining and restraining Defendants M. Cohen and FNBPay, and their representatives, attorneys, and agents from selling, transferring, conveying, or otherwise disposing of the property transferred;

4.   For compensatory damages in the amount equal to the value of the deposit payments at the FNBPay bank account and payments toward M. Cohen, personally, including payments toward his mortgage, according to proof, plus accrued interest, up to the amount necessary to satisfy the Renewed Judgment;

5.   For punitive and exemplary damages;

6.   For reasonable attorney's fees;

7.   That Plaintiff be awarded costs of suit herein incurred;

8.   That Defendants be made constructive trustees of property fraudulently transferred to each of them by S. Cohen and hold said property for Plaintiff's benefit;

9.   For such other and further relief as the court may deem proper.

Dated:      November 8, 2011          DILLON & GERARDI, APC,
                                   By:   s/Timothy P. Dillon, Esq.
                                         E-mail: tdillon@dillongerardi.com
                                         Attorney for Plaintiff, Gary Kremen

1

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

Civil Procedure.

Dated:        November 4, 2011              DILLON & GERARDI, APC,

By:     s/Timothy P. Dillon, Esq.
        E-mail: tdillon@dillongerardi.com
        Attorney for Plaintiff, Gary Kremen

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Gary Kremen, | NO. C 98-20718 JW |
| Plaintiff, | **ORDER GRANTING RENEWAL OF JUDGMENT AND RENEWAL OF JUDGMENT** |
| v. | |
| Stephen Michael Cohen, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Application for Renewal of Judgment.[1] Pursuant to a timely and properly filed application, Plaintiff moves to renew an April 3, 2001 judgment. See Fed. R. Civ. P. 69(a); Cal. Code Civ. P. §§ 683.110, et seq.

Plaintiff seeks a judgment of $67,867,053.36, which includes the original judgment amount of $65,000,000, minus $16,966,687.70 which Plaintiff has received in partial satisfaction of the original judgment, plus $19,833,711.06 in interest[2] accrued since entry of the original judgment, plus the $30 application filing fee. Defendant Cohen has filed no opposition to Plaintiff's Application for Renewal of Judgment.

The Court finds that Plaintiff has properly moved to renew judgment under Cal. Code Civ. P. §§ 683.110, et seq. Accordingly, the Court GRANTS Plaintiff's Application for Renewal of Judgment.

---

[1] (Application for Renewal of Judgment Against Defendant Stephen Michael Cohen Pursuant to Cal. Civ. Proc. § 683.020, et seq., hereafter, "Application," Docket Item No. 1397.)

[2] Calculated at an interest rate of 4.19%.

The Court hereby enters judgment in favor of Plaintiff Gary Kremen and against Defendants Stephen Michael Cohen, Ocean Fund Internacional, Ltd., and SandMan Internacional, Ltd., in the amount of $48,033,312.30, plus interest in the amount of $19,833,711.06, plus the $30 filing fee, for a total judgment of $67,867,053.36.[3]

Dated: March 22, 2011

JAMES WARE
United States District Chief Judge

United States District Court
For the Northern District of California

---

[3] Under California law, "there is no statutory requirement that the notice of renewal [of judgment] be served on the judgment debtor in order for the renewal to be effective." See Goldman v. Simpson, 160 Cal. App. 4th 255, 262 n.4 (Cal. Ct. App. 2008).

2

1    THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2    Daniel E. Alberti dalberti@mwe.com
     George Geoffrey Weickhardt gweickhardt@ropers.com
3    Howard Scott Leviant scott@spiromoss.com
     James Matthew Wagstaffe wagstaffe@kerrwagstaffe.com
4    Joel R. Dichter dichter@dichterlaw.com
     Karl Stephen Kronenberger karl@KBInternetlaw.com
5    Nadya Yael Spivack nspivack@dillongerardi.com
     Patricia De Fonte Patricia.DeFonte@idellseitel.com
6    Richard J. Idell richard.idell@idellseitel.com
     Terri R Hanley law@terrihanley.com
7    Timothy Patrick Dillon tdillon@dillongerardi.com

8    **Dated: March 22, 2011**                          Richard W. Wieking, Clerk

9

10                                                       By:____/s/ JW Chambers_____
                                                              Elizabeth Garcia
11                                                            Courtroom Deputy

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California