UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL JOSEPH COHEN, an individual; and FNBPAY CORPORATION, an Arizona corporation,<br><br>            Defendants. | Case No.: 5:11-cv-05411-LHK<br><br>ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT EXPEDITED DISCOVERY |

Plaintiff Gary Kremen ("Kremen" or "Plaintiff") filed this action on November 8, 2011 under California's Uniform Fraudulent Transfer Act ("CUFTA"), Cal. Civ. Code §§ 3439.04, 3439.07, 3440 against Defendants Michael Joseph Cohen ("M. Cohen") and FNBPay Corporation ("FNBPay"), a corporation incorporated under the laws of the State of Arizona (collectively "Defendants"), upon information and belief that Defendants are the transferees of certain property, including money, fraudulently transferred to each of them by Stephen Michael Cohen ("S. Cohen"), an individual against whom Plaintiff has an enforceable and unpaid money judgment in the amount of $67,867,053.36 (the "Renewed Judgment"). *See* ECF No. 1. On December 2, 2011, Plaintiff filed an ex parte motion pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rules 7-10 and 65-1 seeking (1) a temporary restraining order ("TRO") against Defendants M. Cohen and FNBPay; (2) an Order to Show Cause ("OSC") why a preliminary injunction should not

1

issue; and (3) an order expediting discovery. *See* ECF No. 5. Because Plaintiff requests immediate injunctive relief, and none of the parties have consented to magistrate jurisdiction, the case was reassigned from Magistrate Judge Howard R. Lloyd to the undersigned on December 2, 2011. *See* ECF Nos. 8, 9. For the reasons set forth in this Order, Plaintiff's ex parte Motion for a Temporary Restraining Order is GRANTED, and Defendants are hereby ORDERED TO SHOW CAUSE at a hearing on Friday, December 16, 2011, at 3:00 p.m., why a preliminary injunction should not issue. For good cause shown, the Court also GRANTS Plaintiff's Motion for Expedited Discovery.

## I. BACKGROUND

The following facts are taken from Plaintiff's Complaint, Plaintiff's attorney's declaration submitted in support of this *ex parte* Motion for Temporary Restraining Order, and judicially noticeable documents.[1] *See* Fed. R. Civ. P. 65(b)(1). Plaintiff is an internet entrepreneur who obtained a $65 million judgment (the "Judgment") in the United States District Court for the

---

[1] The Court may take judicial notice of matters that are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under the doctrine of incorporation by reference, the Court may take judicial notice of documents attached to or referenced in the Complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also* Fed. R. Civ. P. 10(c). Public records, including judgments and other court documents, are also proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Records filed with a county recorder or obtained from administrative agencies are also generally judicially noticeable. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Exhibits 1 through 17 of Plaintiff's Request for Judicial Notice ("RJN") are all prior court judgments or documents filed in previous court actions in the Northern District of California or Southern District of California. *See* ECF No. 5-6. Exhibit 18 of Plaintiff's RJN is a Mexican Apostilled Document recorded in the Public Registry of Property and Commerce in Tijuana, State of Baja California, Mexico, index no. 5546422, dated August 7, 2007. Accordingly, the Court finds Plaintiff's RJN Exhibits 1 through 18 proper subjects of judicial notice under Federal Rule of Evidence 201(b) and GRANTS Plaintiff's request that the Court take judicial notice of all 18 exhibits. Non-party Stephen Michael Cohen ("S. Cohen"), the alleged Judgment-Debtor, has also filed a Request for Judicial Notice ("S. Cohen's RJN"), asking the Court to take judicial notice of various facts regarding the relationship between First National Bank, S.A. de C.V., SOFOM ENR ("FNB Mexico") and FNB Corporation, as supported by declarations of S. Cohen and Marcello Zuniga, non-parties to this suit. *See* ECF No. 10. Plaintiff objects to S. Cohen's RJN. *See* ECF No. 13. Because S. Cohen asks the Court to take judicial notice of facts whose accuracy is subject to reasonable dispute, the Court DENIES S. Cohen's request.

Northern District of California against S. Cohen and S. Cohen's alter ego entities on April 3, 2001, for fraudulently converting the internet domain name, www.sex.com. *See* RJN Ex. 1; Dillon Decl. ¶ 4.

Plaintiff filed his underlying suit against S. Cohen in July 1998. On November 27, 2000, the district court granted Plaintiff's motion for a preliminary injunction and ordered S. Cohen to transfer the www.sex.com domain name back to Kremen, to repatriate $25,000,000.00 that S. Cohen had sent to offshore accounts, to sign waivers for the release of tax returns and bank account records, and to sign FOIA waivers. *See* RJN Ex. 2. After S. Cohen failed to comply with the preliminary injunction order, the district court issued an Order Requiring Defendants to Appear and Sign Waivers on February 7, 2001. RJN Ex. 15. S. Cohen did not comply with the February 7, 2001 order and was subsequently held in civil contempt on February 12, 2001. RJN Ex. 3 at 2. The civil contempt order was followed by an arrest warrant on March 2, 2001 for S. Cohen's continued refusal to comply with the court's prior orders. *See* RJN Ex. 4 at 4. S. Cohen fled to Mexico until October 27, 2005, when he was detained by the Mexican authorities and deported into the custody of the United States Marshal. Dillon Decl. ¶ 16; RJN Ex. 6. S. Cohen remained in custody for almost 14 months for civil contempt of the court's prior orders. Dillon Decl. ¶ 17.

Since the Judgment was entered in April 2001, S. Cohen has never made a single voluntary payment on Plaintiff's Judgment. S. Cohen currently resides in Tijuana, Mexico. Compl. ¶¶ 18, 22. Plaintiff has made various previous efforts to collect on his Judgment. In September 2005, Plaintiff brought an enforcement application for a TRO and turnover order. In a September 28, 2005 Order, the United States District Court for the Northern District of California found that seven individuals and twelve companies were acting in concert with S. Cohen to evade enforcement of the Judgment and enjoined them from doing anything to interfere with Plaintiff's rights thereunder. *Id.* ¶ 18(a); RJN Ex. 5. One of the companies identified in the September 2005 Order was Pacnet, S.A. de C.V. ("Pacnet"), and one of the individuals was Jhuliana Cohen, S. Cohen's step-daughter. RJN Ex. 5. On June 28, 2005, Plaintiff filed an action in the Southern District of California and obtained a judgment and permanent injunction on November 18, 2009

3

against S. Cohen's step-daughter (Jhuliana Cohen) in the amount of $4,931,781.13, his ex-wife (Rosa Cohen) in the amount of $1,094,579.45, and his former attorney (Gustavo Cortez) in the amount of $802,620, based on their participation in fraudulent transfers to assist S. Cohen in concealing and transferring his assets with the intent of avoiding the Judgment. Compl. ¶ 18(b); RJN Exs. 6, 7. On March 22, 2011, the United States District Court for the Northern District of California renewed the Judgment against S. Cohen in the renewed amount of $67,867,053.36 ("Renewed Judgment"). Compl. Ex. A.

Plaintiff filed this action on November 8, 2011, now seeking relief against M. Cohen, S. Cohen's cousin, and against FNBPay, a corporation created by M. Cohen on July 15, 2010, and of which M. Cohen is listed as the sole officer, director, incorporator, and 100% shareholder. Compl. ¶¶ 14, 19; Dillon Decl. ¶ 49. Plaintiff brings this action on information and belief that M. Cohen has formed FNBPay Corporation to assist S. Cohen in funneling money through various websites with intent to conceal S. Cohen's assets from Plaintiff. Plaintiff alleges that S. Cohen has used M. Cohen to conduct business through FNBPay on S. Cohen's behalf, and to open bank accounts in M. Cohen's and/or FNBPay's name at S. Cohen's behest in order to transfer money and conduct business for the benefit of S. Cohen and/or S. Cohen's related entities. Compl. ¶ 20. Plaintiff further alleges on information and belief that M. Cohen and FNBPay knowingly conspired and agreed with S. Cohen to cause monies to be transferred and deposited into the bank account held in FNBPay's name, and to cause payments of money to M. Cohen personally to pay his mortgage, among other things, with the actual intent to hinder, delay, or defraud Plaintiff in exercising his rights as a creditor of S. Cohen. *Id.* ¶¶ 27-28. Plaintiff alleges that the deposit payments at the FNBPay bank account and payments toward M. Cohen's mortgage were for no consideration and were simply a device to place these assets beyond Plaintiff's reach, as evidenced by the fact that they were re-transferred to S. Cohen at S. Cohen's request. *Id.* ¶¶ 29, 47-51.

Specifically at issue in this *ex parte* Motion for a TRO is a Wells Fargo account no. 2806354318 opened by M. Cohen under the name FNBPay ("Wells Fargo Account") that holds funds alleged to be directly controlled by S. Cohen. Br. at 7, 10; Dillon Decl. ¶¶ 46-47. S.

4

Case No.: 5:11-CV-05411-LHK
ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND ORDER EXPEDITING DISCOVERY

1   Cohen's revenue-generating business dealings relate to a Mexican online payment processing
2   corporation First National Bank S.A. de C.V., SOFOM ENR ("FNB Mexico"), registered with the
3   California Secretary of State as a Mexican corporation authorized to do business in California.
4   Dillon Decl. ¶¶ 21-22.  S. Cohen admits to having formed FNB Mexico and appears to be
5   Chairman of the Board of Directors, Senior Vice President, and beneficial owner of FNB Mexico.
6   Dillon Decl. ¶¶ 24-26.  During a judgment debtor examination of S. Cohen conducted by Plaintiff's
7   attorney on July 12, 2011, S. Cohen explained that FNBPay.com operates as the credit card
8   processing arm of FNB Mexico.  *See* Dillon Decl. Ex. 1 at 71:5-10.  Based on other evidence
9   gathered by Plaintiff's attorney, it appears that FNBPay is wholly owned by FNB Mexico.  *See*
10  Dillon Decl. ¶¶ 31-46.  FNB Mexico earns money by charging fees for facilitating wire transfers
11  through the website www.fnbpay.com.  *See* Dillon Decl. ¶¶ 42-45.
12       The subject Wells Fargo Account, opened with Wells Fargo Bank at 1004 W. Chandler
13  Blvd., has a balance of $109,205.00.  Dillon Decl. ¶ 50.  According to www.fnbpay.com, United
14  States users who wish to wire or deposit funds to FNBPay.com are instructed to use wiring
15  instructions for the Wells Fargo Account.  FNB Mexico customers are directed to deposit money
16  directly into the Wells Fargo Account.  Dillon Decl. ¶¶ 45-50.

**II. LEGAL STANDARDS**

The Court may issue a TRO without written or oral notice to the adverse party only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  The Local Civil Rules require that any *ex parte* motion for a temporary restraining order be accompanied by (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the motion; (3) the proposed temporary restraining order; and (4) such other documents in support of the motion which the party wishes the Court to consider.  Civil L.R. 65-1(a).  A party seeking an *ex parte* TRO nevertheless still must deliver notice of such motion to opposing counsel or party on or before the

day of filing the motion with the Court, unless otherwise relieved by court order.  Civil L.R. 65-1(b).  An *ex parte* TRO may be appropriate in some limited circumstances, such as "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984), or where, even though notice could be given to the adverse party, "notice to the defendant would render fruitless the further prosecution of the action," *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

### III. DISCUSSION

#### A. Temporary Restraining Order

To obtain preliminary injunctive relief, a plaintiff generally must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24-25 (2008); *accord Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126-27 (9th Cir. 2009).  An injunction may also be appropriate where the plaintiff raises "serious questions going to the merits" and demonstrates that "the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010).  To succeed on its motion for a temporary restraining order, Plaintiff must satisfy all four elements of the *Winter* test.

#### 1. Likelihood of Success on the Merits

The Court finds that Plaintiff has shown a likelihood of success on the merits of his claim for fraudulent transfers in violation of CUFTA § 3439.04.  California Civil Code § 3439.04(a)(1) provides that a transfer is fraudulent to a creditor if it is made with actual intent to hinder, delay, or defraud any creditor of the debtor.  In determining intent to defraud, courts may consider, *inter alia*, whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor

6

Case No.: 5:11-CV-05411-LHK
ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND ORDER EXPEDITING DISCOVERY

absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor. Cal. Civ. Code § 3439.04(b).

Since April 3, 2001, Plaintiff has been a creditor of S. Cohen in an amount not less than $65 million. Plaintiff obtained a Renewed Judgment in the amount of $67,867,053.36 on March 22, 2011. S. Cohen has a history of removing or concealing assets for the past ten years. Moreover, S. Cohen has accomplished this removing or concealing of assets by using his relatives and other associates to fraudulently convey his assets in an effort to avoid payment of this Judgment to Plaintiff. M. Cohen is S. Cohen's cousin and thus "an insider," i.e. a blood relative. Moreover, FNBPay, incorporated by M. Cohen and of which M. Cohen is the sole officer and shareholder, appears to be wholly owned by FNB Mexico, of which S. Cohen appears to be the beneficial owner. Payments to FNB Mexico appear to be channeled through FNBPay's Wells Fargo Account. In light of S. Cohen's past practice of using relatives and shell corporations to divert funds with the intent of defrauding Plaintiff and preventing him from being able to collect on his Judgment, and in light of the numerous alleged links between FNB Mexico and FNBPay suggesting that the Wells Fargo Account in FNBPay's name is in fact under the control of S. Cohen, the Court finds Plaintiff likely to succeed on the merits of his fraudulent conveyances claims.

### 2. Likelihood of Irreparable Harm

To qualify for a temporary restraining order, Plaintiff must show that he is likely to suffer irreparable harm in the absence of the order. Monetary injury is not normally considered to be irreparable. *See Nelson v. Nat'l Aeronautics and Space Admin.*, 530 F.3d 865, 881 (9th Cir. 2008). Even though Plaintiff's injury will be monetary in nature, Plaintiff nonetheless argues that such injury is irreparable because, based on S. Cohen's past behavior, Defendants likely have acted, and

7

Case No.: 5:11-CV-05411-LHK
ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND ORDER EXPEDITING DISCOVERY

likely will continue to act, in concert with S. Cohen to transfer, conceal, hypothecate, destroy, move, or otherwise make unavailable assets held in constructive trust for Plaintiff, thereby foreclosing Plaintiff from being able to execute on his April 3, 2001 Judgment against S. Cohen, which was renewed on March 22, 2011 in the amount of $67,867,053.36.  Specifically, Plaintiff argues it is likely Defendants and Judgment Debtor S. Cohen will directly or indirectly transfer, sell, assign, pledge, hypothecate, encumber, dissipate, distribute, or move the contents of the Wells Fargo Account, and/or other currently unknown accounts, or interfere with funds earmarked for the Wells Fargo Account, and/or other currently unknown accounts, if Plaintiffs were to proceed on notice to Defendants of a hearing and ruling on this TRO.  Plaintiff argues that an ex parte TRO is therefore necessary to preserve his ability to execute on his Judgment.

"A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003)).  An injunction freezing assets may also issue where plaintiff demonstrates that "defendant has engaged in pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marco, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994).  Furthermore, while a preliminary injunction ordinarily may not issue to preserve assets to which a party does not yet have a legal claim, *see Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-33 (1999), specifically excepted from this rule are "instances of fraudulent conveyance and bankruptcy," *In re Focus Media Inc.*, 387 F.3d 1077, 1084 (9th Cir. 2004).  "'The law of fraudulent conveyances and bankruptcy was developed to prevent such conduct,' i.e., debtors trying to avoid paying their debts, or seeking to favor some creditors over others." *Id.* at 1084 (quoting *Grupo Mexicano*, 527 U.S. at 324-25); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003); *United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 494-99 (4th Cir. 1999) (district court has authority to issue asset-freezing injunction where equitable relief is sought, even though substantial money damages are also claimed).

Plaintiff here has shown that S. Cohen has a history of dishonest behavior and of making fraudulent conveyances through the assistance of his family and associates to avoid execution of Plaintiff's Judgment.  For example, in granting Plaintiff's Motion for Preliminary Injunction on November 27, 2000, the district court found that:

> the evidence demonstrates that defendants, including Mr. Cohen in particular, appear to improperly have thwarted plaintiff's efforts to obtain discovery of financial information, to have engaged in activities designed to conceal money they have made from the operation of the sex.com website, and to have transferred substantial assets to entities for the purpose of avoiding ultimate financial responsibility at the conclusion of this litigation.  These wrongful activities have accelerated in recent weeks, and the threat of irreparably injury is imminent.

RJN Ex. 2 at 2.  After S. Cohen failed to comply with the preliminary injunction order, and was subsequently held in civil contempt on February 12, 2001, the district court stated:

> [a]s they have throughout this litigation, Defendants have simply ignored this Court's orders.  This Court has now on four separate occasions ordered Defendants to sign waivers for the release of tax returns, bank account records, and FOIA waivers.  All four times, Defendants have turned a deaf ear.  This Court cannot countenance such blatant disregard for its orders.

RJN Ex. 3 at 2.  The civil contempt order was followed by an arrest warrant on March 2, 2001 for S. Cohen's continued refusal to comply with the court's prior orders.  *See* RJN Ex. 4 at 4.

Here, Plaintiff seeks to enjoin not S. Cohen, the original Judgment-Debtor, but rather S. Cohen's cousin, M. Cohen, as well as a corporation of which M. Cohen is sole shareholder, based on M. Cohen's and FNBPay's alleged support and assistance to S. Cohen in avoiding the Renewed Judgment through fraudulent conveyances.  Although it is S. Cohen, and not M. Cohen or FNBPay, who has exhibited the past pattern of defying court orders and thwarting Plaintiff's efforts to execute on his Judgment, Plaintiff shows that S. Cohen has engaged in his deceptive practices with the assistance of his relatives and sham corporate entities.  On June 28, 2005, Plaintiff filed an action in the Southern District of California and obtained a judgment and permanent injunction on November 18, 2009 against S. Cohen's step-daughter, his ex-wife, and his former attorney (Gustavo Cortez), based on their participation in fraudulent transfers to assist S. Cohen in concealing and transferring his assets with the intent of avoiding the Judgment.

9

Case No.: 5:11-CV-05411-LHK
ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND ORDER EXPEDITING DISCOVERY

Based on S. Cohen's past practices, and in light of the Court's determination that Plaintiff is likely to succeed in showing that Defendants are liable under CUFTA for fraudulent conveyances in connection with S. Cohen's avoidance of the Judgment, the Court finds there is an appreciable risk that Defendants or Judgment Debtor S. Cohen will dispose of the subject Wells Fargo Account and other currently unknown funds prior to resolution of Plaintiff's action.  The Court further concludes that if such funds are dissipated, Plaintiff will incur irreparable harm in that he may not be able to execute on his Judgment.

### 3. Balance of Equities

Plaintiff is a Judgment Creditor and seeks only such equitable relief as is necessary to preserve his rights to recover his own property.  As such, the Court finds that the balance of hardships weighs in Plaintiff's favor.  Plaintiff has been attempting to execute on his Judgment against S. Cohen for over ten years and is pursuing a chimeric Judgment Debtor.

### 4. Public Interest

When an injunction will impact non-parties and has the potential to impact the public, the public interest is relevant. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009).  By contrast, "[w]hen the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction." *Id.* at 1138-39 (quoting *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 931 (9th Cir. 2003)) (internal quotations marks and brackets omitted). The Court finds that, under the circumstances presented, the reach of the injunction is narrow and limited to the parties and the relevant non-parties, namely S. Cohen, and therefore the public interest is not a major factor in the TRO analysis.

### 5. Relief

Given S. Cohen's extensive history of evasive and abusive conduct, including fraudulent intra-family transfers and refusal to disclose asset information in defiance of court orders, and the suspect relationship between S. Cohen's FNB Mexico and M. Cohen's FNBPay Corp., the Court finds that Plaintiff has shown he is both likely to succeed on the merits of his CUFTA claims and

10

Case No.: 5:11-CV-05411-LHK
ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND ORDER EXPEDITING DISCOVERY

that he is likely to suffer irreparable harm in the absence of an ex parte TRO preventing the dissipation of assets contained in the Wells Fargo Account held in Defendants' possession. Plaintiff has demonstrated that Judgment-Debtor S. Cohen has a history of utilizing family members and associates to help him divert and conceal property, including money, and that M. Cohen is likely assisting S. Cohen by fraudulently conveying S. Cohen's funds with intent to hinder, delay, or defraud Plaintiff from collecting on his Judgment. As the district court previously found in issuing a TRO against S. Cohen and his associates,

> Cohen and/or other persons acting in concert with Cohen likely may, as they have repeatedly done in the past, transfer, convey, conceal, hypothecate, destroy, move or otherwise make unavailable the property set forth herein below that, pursuant to the Judgment, is held in constructive trust for Kremen, if Kremen were to proceed on notice to Cohen, thus frustrating the ultimate relief Kremen seeks in this action.

RJN Ex. 14 at 4. The Court finds good cause for issuing a TRO ex parte because it is likely that Defendants will attempt to secret away or dissipate the assets in their control if given notice, irreparably harming Plaintiff from being able to collect on his Judgment.

Good cause being shown, the Court hereby ORDERS that, pending the OSC hearing described below, Defendants, and each of them, and their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, assigning, pledging, hypothecating, encumbering, dissipating, distributing or moving the contents of the Wells Fargo Account, and/or other currently unknown deposit accounts containing funds that are directly and/or indirectly held for the benefit of Defendants or for Judgment Debtor S. Cohen, or interfering with funds earmarked for the Wells Fargo Account, and/or other currently unknown deposit accounts containing funds that are directly and/or indirectly held for the benefit of Defendants or for Judgment Debtor, S. Cohen.

Wells Fargo Bank, N.A., holding Business Checking Account No. 2806354318, shall take no action and make no transaction of assets or securities and no disbursement of assets or securities (including extensions of credit or advances on existing lines of credit), including the honor of any

negotiable instrument (including any check, draft, or cashier's check) purchased by or for Defendants, and each of them related to the Wells Fargo Account and/or any other account holding funds on behalf of either Defendant, pending further order of this Court.

To effectuate the immediately preceding provision, Plaintiff may cause a copy of this Order to be served on Wells Fargo Bank, N.A., holding Business Checking Account No. 2806354318, through its office located at 1004 W. Chandler Blvd., Chandler, Arizona either by United States mail or facsimile as if such service was personal service, to restrain and enjoin Wells Fargo Bank, N.A., holding Business Checking Account No. 2806354318, from disbursing assets from the Wells Fargo Account and/or any other account holding funds on behalf of either Defendant, or any companies or persons or entities under their control.

The Court notes that both M. Cohen and the Wells Fargo Account appear to be located in Chandler, raising potential personal jurisdiction and improper venue concerns. Given the urgency of Plaintiff's ex parte TRO request, the Court finds that temporary injunctive relief is warranted. However, the Court will not issue a preliminary injunction absent Plaintiff's showing that this Court has personal jurisdiction over Defendants and in rem jurisdiction over any property sought to be enjoined, and that venue in this district is proper. Plaintiff shall file a brief addressing these issues by Monday, December 12, 2011, at 5:00 p.m. Defendants shall file a response, if any, by Wednesday, December 14, 2011, at 5:00 p.m.

### 6. Bond

The Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c). Notwithstanding the seemingly mandatory language, "the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Johnson*, 572 F.3d at 1086.

Contrary to Plaintiff's suggestion, the Court finds there is a likelihood of harm to Defendants should the preliminary injunction later be found to have issued in error. The Wells

Fargo Account amounts to $109,205.00; the value of Defendants' other potential assets is unknown. If improperly enjoined, Defendants will have suffered from having their assets temporarily frozen. Accordingly, the Court sets the bond at $2,000.00.

### B. Order to Show Cause

In accordance with Civil Local Rule 65-1(c) and Federal Rule of Civil Procedure 65(b), the Court hereby Orders Defendants M. Cohen and FNBPay to Show Cause at a hearing on Friday, December 16, 2011, at 3:00 p.m., in Courtroom 8 on the 4th Floor of the San Jose Courthouse, 280 South First Street, San Jose, California 95113, why a preliminary injunction should not issue freezing the funds located in the Wells Fargo Account, and any other currently unknown deposit accounts, and restraining and enjoining Defendants from directly or indirectly transferring, selling, assigning, pledging, hypothecating, encumbering, dissipating, distributing, or moving the contents of the Wells Fargo Account, and/or other currently unknown deposit account containing funds held directly and/or indirectly for the benefit of Defendants and/or Judgment Debtor S. Cohen, or interfering with funds earmarked for the Wells Fargo Account, and/or other currently unknown deposit accounts containing funds that are directly and/or indirectly held for the benefit of Defendants and/or Judgment Debtor S. Cohen.

This Order to Show Cause and supporting papers must be served on Defendants within 24 hours of the time of this Order's issuance, and proof of service shall be filed within 24 hours after service. Service shall be made on Plaintiff's Counsel, Timothy P. Dillon, Esq. by email at tdillon@dillongerardi.com, facsimile at (858) 587-2587, and/or by personal service or overnight mail at Dillon & Gerardi, APC, 4660 La Jolla Village Dr., Ste. 1040, San Diego, California 92122.

Defendants shall file their opposition, if any, by Monday, December 12, 2011 at 5:00 p.m. Plaintiff shall file his reply, if any, by Wednesday, December 14, 2011, at 5:00 p.m.

### C. Expedited Discovery

In conjunction with his *ex parte* motion for a TRO and OSC why a preliminary injunction should not issue, Plaintiff also files a motion for expedited discovery so that he may seek discovery

materials from Defendants in preparation for the order to show cause hearing for preliminary injunction.

Ordinarily, a party may not seek discovery from any source until the parties have conferred as required by Federal Rule of Civil Procedure 26(f), unless authorized by the Federal Rules of Civil Procedure, by stipulation, or by order of the Court. Fed. R. Civ. P. 26(d)(1). A court may grant a motion for expedited discovery upon a showing of good cause, balancing the benefit to the requesting party against the possible prejudice or hardship on the responding party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274 (N.D. Cal. 2002). "'The good cause standard may be satisfied where a party seeks a preliminary injunction,'" although the sheer act of seeking a preliminary injunction does not automatically entitle a party to expedited discovery. *Am .Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *Qwest Comm'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Rather, in deciding whether to grant a request for expedited discovery in connection with a preliminary injunction hearing, the Court examines the reasonableness of the request in light of all the surrounding circumstances. *Id.* at 1067. Among the factors commonly considered in determining the reasonableness of expedited discovery are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the responding party in complying with the request; and (5) how far in advance of the typical discovery process the request was made. *Id.*; *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4,6 (D.D.C. 2006). The Court "has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." *American Legalnet*, 673 F. Supp. 2d at 1067 (internal quotation marks and citations omitted).

Here, Plaintiffs seeks expedited discovery to (1) conduct the deposition of M. Cohen and the person most knowledgeable for FNBPay Corporation upon 72 hours written notice; (2) request production of documents from Defendants related to the Wells Fargo Account and any other accounts maintained by either Defendant that relate to S. Cohen and his related entities, the corporate governance and control of FNBPay and FNB Mexico, and the relationship between the

14

Case No.: 5:11-CV-05411-LHK
ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND ORDER EXPEDITING DISCOVERY

two entities; (3) subpoena Wells Fargo related to the Wells Fargo Account and any other account opened by Defendants; (4) propound interrogatories and document requests to defendants related to S. Cohen, and the movement of funds from S. Cohens' related entities to Defendants; and (5) serve a third-party subpoena on the hosting sites for each of the FNBPay related websites set forth in Plaintiff's motion papers to request information regarding the registrants for the websites.

The Court finds that Plaintiff's expedited discovery requests are all related to his motion for a preliminary injunction and are narrowly tailored to discover evidence necessary to prove the probability of prevailing on the merits of his case. Although this is an extremely expedited discovery schedule, and the burden on Defendants to comply with the requests is not insignificant, the Court finds that the balance of factors weighs in Plaintiff's favor and accordingly GRANTS Plaintiff's request for expedited discovery.

Plaintiff may, upon 72 hours written notice, conduct the deposition of Defendant Michael Joseph Cohen and the person most knowledgeable for Defendant FNBPay Corporation. Plaintiff may request production of documents from Defendants related to the Wells Fargo Account, corporate governance and control of FNBPay Corporation and First National Bank S.A. de C.V., SOFOM ENR ("FNB Mexico") and Judgment Debtor S. Cohen's involvement with FNBPay Corporation and FNB Mexico. Plaintiff may request all bank statements, ledgers, canceled checks, transaction reports, and other information related to the use and sources of income for the Wells Fargo Account and any other account with funds held beneficially for Defendants. Defendants shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents or things.

Plaintiff may propound interrogatories related to the Wells Fargo Account, ownership of FNBPay Corporation, FNB Mexico, control of FNBPay Corporation and FNB Mexico, corporate governance of FNBPay Corporation and FNB Mexico, and the involvement of Judgment Debtor S. Cohen with FNBPay Corporation and FNB Mexico and involvement with all financial transactions conducted by such entities. Defendants shall deliver written responses to Plaintiff within seven days of service of the interrogatories.

Defendants shall serve written responses to Plaintiff's request for discovery. Defendants' responses shall be sent to Plaintiff as follows:

> Timothy P. Dillon, Esq.
> Tdillon@dillongerardi.com
> Dillon & Gerardi, APC
> 4660 La Jolla Village Dr., Ste. 1040
> San Diego, California 92122
> Facsimile at (858) 587-2587

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Ex Parte* Motion for a TRO is GRANTED, and the Court hereby ORDERS Defendants to SHOW CAUSE at a hearing on Thursday, December 16, 2011, at 1:30 p.m., in Courtroom 8 on the 4th Floor of the San Jose Courthouse, 280 South First Street, San Jose, California 95113, why a preliminary injunction should not issue. Plaintiff's Motion for Expedited Discovery in preparation for the preliminary injunction hearing is likewise GRANTED. Defendants shall file their opposition to preliminary injunction, if any, by Monday, December 12, 2011 at 5:00 p.m. Plaintiff shall file his reply, if any, by Wednesday, December 14, 2011, at 5:00 p.m. Also by Monday, December 12, 2011 at 5:00 p.m., Plaintiff shall file a brief addressing whether venue in this district is proper and whether the Court has jurisdiction over any Defendants and/or property sought to be preliminarily enjoined. Defendants shall file a response, if any, by Wednesday, December 14, 2011, at 5:00 p.m.

**IT IS SO ORDERED.**

Dated: December 7, 2011 at 8:15 p.m.

*Lucy H. Koh*
LUCY H. KOH
United States District Judge