\*\* E-filed June 18, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, | No. C11-05411 LHK (HRL) |
| Plaintiff, | **ORDER RE: DEFENDANT COHEN'S MOTIONS TO QUASH** |
| v. | |
| MICHAEL JOSEPH COHEN; ET AL., | [Re: Docket Nos. 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 131, 135] |
| Defendants. | |

On April 26, 2012, defendant Michael Joseph Cohen ("Cohen") filed twelve motions to quash subpoenas duces tecum that plaintiff issued to banks in California and Arizona. Dkt. Nos. 115-126. All twelve motions contain the same memorandum of points and authorities, declaration, and exhibits. They differ only in that each motion identifies a different subpoena. In the motions, Cohen continually refers to plaintiff's counsel as "Looney Tunes" rather than by his name. In addition, Cohen, referencing prior litigation between plaintiff and Cohen's cousin, suggests that plaintiff's counsel has a history of being sanctioned for "unethical conduct of issuing subpoenas" like the subpoenas at issue here.[1] Dkt. No. 115, p. 3. Plaintiff has opposed the motions. Dkt. No. 129. Cohen has not filed any reply.

---

[1] Upon review of the docket in that action, Kremen v. Cohen, No. 98-20718-JW (PVT), the court finds that defendant Cohen has grossly misconstrued what occurred. Cohen suggests that plaintiff's counsel has a history of "unethical" discovery practice and has been sanctioned for his behavior. In fact, the referral magistrate judge in that case *denied* Stephen Cohen's requests for sanctions on both of the occasions to which Cohen refers. See Dkt. No. 1268, 1340.

The court deemed this motion suitable for determination without oral argument, pursuant to Civil L. R. 7-1(b).

Based on the moving papers and all applicable authority, the court rules as follows.

LEGAL STANDARD

Fed. R. Civ. P. 45 allocates authority over subpoenas to the court for the district from which they are issued. See Fed. R. Civ. P. 45(c)(3)(A); In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) (stating that "only the issuing court has the power to act on its subpoenas"). However, the court may deem a motion to quash to be a motion for a protective order. Fed. R. Civ. P. 26 allows "the court in which the action is pending" to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See also Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (holding that it is no usurpation of subpoena-issuing court's authority to respond to a motion for a protective order because the trial court has a responsibility to control the broad outline of discovery).

A subpoena for production or inspection of documents "must issue . . . from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). A subpoena may be served at any place (1) within the district of the issuing court; (2) outside that district but within 100 miles the place specified for production; *or* (3) within the state of the issuing court, if a state statute so permits. Fed. R. Civ. P. 45(b)(2)(A)-(C). California provides for statewide service of subpoenas. Cal. Code Civ. Proc. § 1989. A court must quash a subpoena that requires a non-party to travel more than 100 miles from where that person resides, works, or regularly transacts business, or that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(ii)-(iii).

DISCUSSION

Cohen improperly brings these motions to quash in this court, where the case is pending, rather than in the Southern District of California and the District of Arizona, where the subpoenas were issued. However, rather than simply denying the motions because they were brought in the wrong court, this court prefers to address the underlying dispute on the merits. Therefore, the court will deem the motions to quash to be motions for protective orders ("MPOs") requiring the plaintiff

to withdraw the subpoenas. Hereinafter, this order will refer to the motions as MPOs for withdrawal of the subpoenas.

Cohen argues that all twelve subpoenas should be ordered withdrawn because (1) they require the responding parties to travel more than 500 miles from where they reside, work, or regularly transact business; and (2) they require the disclosure of privileged or other protected material. He also asserts that the subpoena issued to FIA Card Services should be withdrawn because it contains an unredacted federal tax identification number ("EIN") for defendant FNBpay. Although he does not present this argument clearly, he also appears to challenge the adequacy of service of the subpoenas on the subpoenaed parties because service took place outside of the Southern District of California, where they were issued (except for the subpoena on FIA Card Services, which was issued and served in Arizona). Plaintiff argues that Cohen misconstrues several provisions of Fed. R. Civ. P. 45, that he has waived any challenge he has to the disclosure of privileged material, and that he has no standing to bring a motion to protect the rights of the subpoenaed entities when those entities have not challenges the subpoenas themselves.

As a preliminary matter, plaintiff asserts that Cohen failed to comply with Civil L. R. 37-1, which requires parties to confer "for the purpose of attempting to resolve all disputed [discovery] issues" prior to filing a noticed motion. Cohen has not opposed this assertion. For this reason alone, the court could decline to hear the pending motions. However, again, in the interest of judicial economy, the court will consider the merits of the MPOs.

First, plaintiff argues that Cohen has misconstrued several provisions Fed. R. Civ. P. 45. The court agrees that Cohen's interpretations of Fed. R. Civ. P. 45(b)(2), 45(c)(3)(A)(ii) and 45(c)(2)(A)(iii) are all incorrect statements of the law. Cohen contends that the subpoenas must be withdrawn because they were served in parts of California outside the Southern District, where they were issued. See, e.g. Dkt. No. 115, p. 2. Plaintiff correctly states that in California, a subpoena may be served anywhere in the state, not solely in the district where they were issued. See Fed. R. Civ. P. 45(b)(2)(C); Cal. Code Civ. Proc. § 1989. Therefore, Cohen's argument that service was improper fails. Next, Cohen argues that the subpoenas must be withdrawn because they require the subpoenaed parties to travel excessive distances and plaintiff has not provided fees for such travel.

3

1  This argument also fails, because, as plaintiff asserts and the subpoenas clearly indicate, the
2  subpoenas duces tecum require no travel at all, only the production of documents. See Dkt. No. 129,
3  p. 3; Dkt. No. 115, Exh. A.

4  Finally, Cohen argues that the subpoenas must be withdrawn because they contained
5  FNBpay's EIN number and some digits of defendants' bank account numbers, in violation of Fed.
6  R. Civ. P. 45(c)(3)(A)(iii). Dkt. No. 115, p. 5. Cohen misconstrues this provision of Rule 45, which
7  requires a court to quash or modify a subpoena that *requires disclosure* of privileged material. Here,
8  Cohen's assertion is that the subpoena itself discloses such material *to* the subpoenaed banks. This
9  does not constitute a basis for quashing, modifying, or withdrawing a subpoena under Rule 45.
10 Moreover, Cohen argues that under Fed. R. Civ. P. 5.2, privileged information should have been
11 redacted from the subpoenas. Indeed, Rule 5.2 permits a party to redact SSNs, EINs, and other
12 private information from public filings *with the court*. In this case, it was *Cohen*, not the plaintiff,
13 who publically filed the subpoenas. See Dkt. Nos. 97-106; 115-126. Therefore, Cohen's argument
14 fails for multiple reasons. First, he misinterprets Rule 45(c)(3)(A)'s prohibition on requiring
15 disclosure of privileged material. Second, he incorrectly suggests that Rule 5.2 required plaintiff to
16 redact the privileged information from the subpoena. Rule 5.2 concerns public court filings, not
17 subpoenas. Finally, Rule 5.2(h) states that a person waives the protections of the rule when he
18 publically files his own information without redaction and not under seal. This is precisely what
19 Cohen has done by publically filing the subpoenas in this case. Accordingly, Cohen's argument for
20 quashing the subpoena on this basis fails, and he has waived the protection of Rule 5.2 by publically
21 filing protected information of his own accord.

22 Finally, plaintiff argues that, even if Cohen had not misconstrued Rule 45, he lacks standing
23 to move to withdraw the subpoenas based solely on the allegation that the subpoenas violate the
24 rights of third-parties. Here, none of the subpoenaed parties have moved to quash, modify, or
25 withdraw the subpoenas. "A party does not have standing to quash a subpoena on the basis that the
26 non-party recipient of the subpoena would be subjected to an undue burden when the non-party has
27 failed to object." Finley v. Pulcrano, 2008 U.S. Dist. LEXIS 83821, *4 (N.D. Cal. Oct. 6, 2008)
28 (citing Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D.Fla.

2005) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil 2D § 2035 ("'A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.'"))). Plaintiff is correct. Since Cohen has not stated that any valid interest of his is jeopardized by the subpoenas, he has no basis for asserting a challenge based on alleged rights violations against the subpoenaed parties, who do not challenge the subpoenas.

CONCLUSION

Defendant's twelve MPOs for withdrawal of subpoenas are DENIED. In addition, defendant is advised that his use of derisive language in his motions is completely inappropriate and disrespectful to the court. Moreover, his seemingly deliberate attempt to misconstrue orders issued in an earlier action suggests a violation of Fed. R. Civ. P. 11. If defendant exhibits any further conduct displaying such insolence and disregard toward the court, opposing party, or federal and local rules, the court will seriously consider the imposition of appropriate sanctions.

**IT IS SO ORDERED.**

Dated: June 18, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-05411 LHK (HRL) Notice will be electronically mailed to:**

Timothy Dillon	tdillon@dillongerardi.com
Michael Joseph Cohen	michaelcohen60@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**