UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL JOSEPH COHEN, an individual; and FNBPAY CORPORATION, an Arizona corporation,<br><br>               Defendants. | Case No.: 5:11-CV-05411-LHK<br><br>ORDER DENYING DEFENDANT'S MISCELLANEOUS MOTIONS<br><br>(re: dkt. #59, 64) |

Plaintiff Gary Kremen ("Plaintiff") filed this action on November 8, 2011, under California's Uniform Fraudulent Transfer Act ("UFTA"), Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3440, against Defendants Michael Joseph Cohen ("M. Cohen") and FNBPay Corporation ("FNBPay"), a corporation incorporated under the laws of the State of Arizona (collectively "Defendants"). *See* ECF No. 1 ("Compl."). On December 2, 2011, Plaintiff filed an *ex parte* motion seeking a temporary restraining order ("TRO"). The Court granted the motion on December 7, 2011, and set a briefing schedule and a January 5, 2012 hearing on Plaintiff's motion for a preliminary injunction. *See* ECF Nos. 16, 30.

On December 20, 2011, Defendant M. Cohen filed an opposition to Plaintiff's motion for a preliminary injunction. *See* ECF No. 38. On December 27, 2011, Defendant M. Cohen filed, without leave of the Court, a "Supplemental Brief on Michael J. Cohen's (a) Opposition to Plaintiff's Motion for a Preliminary Injunction and (b) Michael J. Cohen's Motion Under Rule 12."

ECF Nos. 59, 60, 61. M. Cohen's unauthorized supplemental brief was filed in contravention of the Civil Local Rules, and was therefore disregarded in the Court's ruling on the relevant motions. *See* Civ. L.R. 7-3(a), (d). In that same filing, M. Cohen also noticed for January 5, 2012, a: (1) Motion to Quash Service on Both the Subpoena and the Request for Production of Documents and His Request for Sanctions; (2) Motion for Referral to the Court's Standing Committee of Professional Conduct and His Request for Court Ordered Sanctions; and (3) Motion Requiring Plaintiff Gary Kremen's [sic] to Post a Five Million Dollar Bond Pursuant to California Civil Code of Procedures § 1030." ECF Nos. 59, 60, 61. This portion of the filing, too, was procedurally defective. Under the Civil Local Rules, all motions must be filed, served and noticed in writing for hearing not less than 35 days after service of the motion. Civ. L. R. 7-2(a). M. Cohen filed these motions on December 27, 2012, and noticed them for hearing just nine days later. Plaintiff never filed an opposition, and M. Cohen never filed a reply. Accordingly, M. Cohen's motions are DENIED without prejudice.

On January 3, 2012, M. Cohen filed another "Ex Party [sic] Motion for Notification of Fraud Upon the Court and His Second Supplemental Reply Brief by Michael J. Cohen on Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction, Improper Venue and Insufficient Service of Process or in the Alternative to Transfer to the District of Arizona." ECF Nos. 64, 65. This filing, too, was done without leave of the Court, in violation of Civil Local Rules 7-3(a), 7-3(d), and 7-2(a). Moreover, M. Cohen's *ex parte* motion for notification of fraud upon the Court does not meet the requirements for *ex parte* motions under Civil Local Rule 7-10. Accordingly, M. Cohen's *ex parte* motion for notification of fraud upon the Court is likewise DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: September 6, 2012

_____
LUCY H. KOH
United States District Judge